UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00012-RJC

| ROSA RAMIREZ, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | <u>ORDER</u> |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON and WELLS FARGO AND | ) | |
| COMPANY LONG TERM DISABILITY | ) | |
| PLAN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs. (Doc. No. 35.)

I.  **BACKGROUND**

This is an Employee Retirement Income Security Act ("ERISA") case in which Rosa Ramirez ("Plaintiff") contends that Liberty Life Assurance Company of Boston ("Liberty") and Wells Fargo and Company Long Term Disability Plan ("the Plan" and collectively with Liberty, "Defendants") wrongfully denied her long-term disability benefits ("LTD benefits"). On February 6, 2019, the Court granted summary judgment in favor of Plaintiff, concluding that Defendants abused their discretion in denying Plaintiff LTD benefits. (Doc. No. 34.) Plaintiff now seeks an award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

## II. ATTORNEYS' FEES

### A. Discretionary Award of Attorneys' Fees

"In an ERISA action, a district court may, in its discretion, award costs and reasonable attorneys' fees to either party under 29 U.S.C. § 1132(g)(1), so long as that party has achieved 'some degree of success on the merits.'" Williams v. Metro. Life Ins. Co., 609 F.3d 622, 634 (4th Cir. 2010) (quoting Hardt v. Reliance Std. Life Ins. Co., 560 U.S. 242, 245 (2010)). In exercising its discretion when ruling on a motion for attorneys' fees under ERISA, the Court is to consider five factors:

> (1) degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

Quesinberry v. Life Ins. Co., 987 F.2d 1017, 1029 (4th Cir. 1993). "[T]his five-factor approach is not a rigid test, but instead provides general guidelines." Williams, 609 F.3d at 635 (quotation marks omitted).

Here, the Court concluded that Plaintiff is entitled to LTD benefits. Thus, Plaintiff achieved some degree of success on the merits, and the Court may award reasonable attorneys' fees to Plaintiff. The Court addresses each of the Quesinberry factors in turn.

#### 1. Defendants' Culpability or Bad Faith

This Court found that "Liberty violated the express language and purpose of the Plan," Liberty had "a structural conflict of interest," and "Defendants abused

their discretion in denying Plaintiff's LTD benefits." (Doc. No. 34, at 17, 27, 29.) "Culpability connotes wrongful conduct that is not intentional or deliberate and can be found where a plan's decision is discernibly against the weight of the evidence." Vincent v. Lucent Techs., Inc., No. 3:07-cv-00240, 2011 U.S. Dist. LEXIS 123780, at *4 (W.D.N.C. Oct. 25, 2011). Therefore, the Court finds that the first Quesinberry factor weighs in favor of awarding attorneys' fees.

2. Ability of Defendants to Satisfy an Award of Attorneys' Fees

The Court finds no evidence in the record regarding Defendants' ability to satisfy an award of attorneys' fees. Although Plaintiff points to evidence that Lincoln Financial Group, which acquired Liberty, maintains $253 billion in assets, this has no bearing on Liberty's ability to satisfy an award of attorneys' fees.

3. Deterrence

As stated above, this Court found that Liberty violated the express language and purpose of the Plan and operated under a conflict of interest. Id. at *6 (stating that a plan administrator should "follow the plain language of its plan" and concluding that the deterrence factor weighed in favor of awarding attorneys' fees). In addition, "it seems only common sense to the Court that an award of attorneys' fees against Defendant[s] would further deter" the wrongful conduct. Porter v. Elk Remodeling, Inc., No. 1:09-cv-446, 2010 U.S. Dist. LEXIS 89037, at *6 (E.D. Va. Aug. 27, 2010). Therefore, the Court finds that the third Quesinberry factor weighs in favor of awarding attorneys' fees.

4.  <u>Benefit All Participants or Resolve a Significant Legal Question</u>

Plaintiff argues that the fourth factor weighs in favor of awarding attorneys' fees because Plaintiff's case will ultimately benefit many similarly situated employees and Plaintiff's efforts highlighted the insufficiency of the Plan language. (Doc. No. 35-1, at 8.) "While this case may have an effect beyond Plaintiff and the instant dispute, the Court finds this to be a case largely of a personal nature rather than one in which Plaintiff 'sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself.'" <u>Vincent</u>, 2011 U.S. Dist. LEXIS 123780, at *7 (quoting <u>Quesinberry</u>, 987 F.2d at 1029). Therefore, the Court finds that this factor weights against awarding attorneys' fees.

5.  <u>Relative Merits of the Parties' Positions</u>

As stated above, this Court found that Defendants violated the express language and purpose of the Plan and abused their discretion in denying Plaintiff LTD benefits. Accordingly, "[t]he merits of Plaintiff's position clearly outweighed those of Defendants, and the Court finds that this factor weighs in favor of awarding attorneys' fees to Plaintiff." <u>Id.</u> at *8.

Having considered all five factors, the Court finds that, in its discretion, an award of attorneys' fees is appropriate in this case.

**B.  Reasonable Amount of Attorneys' Fees**

The Court must next determine the appropriate amount of attorneys' fees. "In calculating an award of attorney's fees, a court must first determine a lodestar figure

by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). In determining the lodestar figure, the Court is to consider the following twelve factors known as the Johnson/Barber factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom v. Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)).

1. Time and Labor Expended

Plaintiff seeks attorneys' fees in the amount of $84,466.00. (Doc. No. 35-4; Doc. No. 37-2, Attach. 1.) In support of her motion, Plaintiff submitted time sheets showing the time and labor expended on this matter. Plaintiff does not seek fees for time spent prior to filing the complaint or for time devoted to Plaintiff's claim against Wells Fargo and Company.[1] (Doc. No. 35-2, ¶ 11; Doc. No. 35-5, ¶ 16.)

Defendants make several challenges to the number of hours expended by Plaintiff's counsel and the adequacy of certain billing entries. The Court addresses

---

[1] Plaintiff voluntarily dismissed her claim against Wells Fargo and Company on April 26, 2018. (Doc. No. 11.)

5

each in turn.

### i. *Unreasonable Hours Expended*

Defendants argue that Plaintiff's counsel spent an unreasonable amount of time drafting the brief in support of Plaintiff's motion for attorneys' fees and costs because the brief is substantially similar to briefs filed by Plaintiff's counsel in previous matters. (Doc. No. 36, at 11–14.) Plaintiff requests $4,425.00 in fees for 17.7 hours spent drafting her brief in support of her motion for attorneys' fees and costs. (Doc. No. 35-4.) The Court has reviewed the briefs previously filed by Plaintiff's counsel in other matters and finds that approximately eleven pages of Plaintiff's twenty-page brief in this matter are identical to portions of an earlier brief filed by Plaintiff's counsel. (Doc. No. 36-2.) As Plaintiff's counsel recycled a substantial portion of the brief from an earlier matter, the Court finds that 17.7 hours is unreasonably high and a 30% reduction to the fees sought for drafting the brief in support of Plaintiff's motion for fees and costs is appropriate.

Defendants also argue that Plaintiff's counsel spent an unreasonable amount of time reviewing the administrative record and briefing the summary judgment motions. (Doc. No. 36, at 10–11.) The Court has carefully reviewed the time entries and submissions and finds the time spent by Plaintiff's counsel reviewing the administrative record and briefing the summary judgment motions is reasonable.

### ii. *Clerical Tasks*

Defendants argue that Plaintiff seeks to recover $7,415.00 in attorneys' fees for purely clerical tasks. (Doc. No. 36-6.) Purely clerical tasks are typically included

in a law office's overhead and, as such, are not billable to the client. Stortz v. Cherokee Ins. Co., No. 5:16-cv-200, 2018 U.S. Dist. LEXIS 62949, at *8 (W.D.N.C. Apr. 12, 2018). "Examples of clerical tasks include: filing documents with the court, issuing summonses, scanning and mailing documents, reviewing files for information, printing pleadings, organizing documents, creating notebooks or files, assembling binders, emailing documents, and making logistical telephone calls." Lamonaca v. Tread Corp., 157 F. Supp. 3d 507, 521 (W.D. Va. 2016).

The Court has reviewed the billing entries that Defendants contend are clerical in nature and finds that some entries are for purely clerical tasks. For example, there are several entries for filing documents with the Court, scanning and mailing documents, scheduling mediation, and assembling binders. (Doc. No. 36-6.) These entries are for purely clerical tasks that should have been omitted from the billing total. Triplett v. N.C. Dep't of Pub. Safety, No. 5:15-cv-00075, 2017 U.S. Dist. LEXIS 142088, at *30 (W.D.N.C. Aug. 31, 2017) (stating that filing documents is purely clerical); McNeil v. Faneuil, Inc., No. 4:15-cv-81, 2017 U.S. Dist. LEXIS 219550, at *37–38 (E.D. Va. Nov. 8, 2017) (stating that work related to scheduling is purely clerical); Lamonaca, 157 F. Supp. 3d at 521 (stating that scanning and mailing documents and assembling binders is purely clerical). Based on the foregoing, the Court finds that $2,095.00 in fees are for purely clerical tasks that must be omitted from the fee award.

### iii. Block Billing

Defendants argue that Plaintiff's counsel engaged in block billing on multiple

7

occasions such that it is impossible to discern how much time was spent on each task and whether the time spent was reasonable or necessary. (Doc. No. 36-5.) "Block billing occurs when attorneys lum[p] tasks together in time entries rather than making such entries task-by-task." Lamonaca, 157 F. Supp. 3d at 519 (alteration in original) (quotation marks omitted). "Entries that lump multiple tasks together under a single time entry present a significant barrier to a reasonableness review." Route Triple Seven, L.P. v. Total Hockey, Inc., 127 F. Supp. 3d 607, 621 (E.D. Va. 2015). "However, the use of single entries of time expended for more than one task is not per se forbidden." United States ex rel. Abbott-Burdick v. Univ. Med. Assocs., No. 2:96-1676-12, 2002 U.S. Dist. LEXIS 26986, at *51 (D.S.C. May 23, 2002). "[C]ourts have permitted parties seeking attorneys' fees to use block billing, at least where the entries are reasonably descriptive and the tasks all pertain to the case or claims for which attorneys' fees are sought." Morris v. Bland, No. 5:12-cv-3177, 2015 U.S. Dist. LEXIS 184384, at *11 (D.S.C. Jan. 15, 2015) (alteration in original).

The Court has reviewed the entries that Defendants contend suffer from block billing and finds that the vast majority of such entries do not lump distinct tasks under a single entry. For example, one entry to which Defendants object states in its entirety "reviewed communications from OC RE changes to the CIAC." (Doc. No. 36-5.) This entry plainly does not lump multiple tasks under a single entry. In addition, another such entry for 0.2 hours states "[r]eturn phone call to [opposing counsel]; Left VM." (Id.) Defendants' suggestion that Plaintiff's counsel should have listed the task of returning a phone call and leaving a message under more than one entry is absurd.

8

At the same time, the Court concludes that four entries lump compensable tasks and non-compensable clerical tasks under a single entry.[2] Accordingly, these entries will be reduced by 20% to account for the block billing and the non-compensable clerical work. Triplett, 2017 U.S. Dist. LEXIS 142088, at *30 (applying a 20% reduction to an entry to account for block billing and purely clerical work included in the entry).

### iv. Vague Entries

Defendants argue that thirty-five of Plaintiff's counsel's time entries are too vague. (Doc. No. 36-4.) A reduction in the fee award is justified where excessively vague time entries inhibit the Court's reasonableness review. Lamonaca, 157 F. Supp. 3d at 520. Here, the Court finds only one entry is excessively vague so as to inhibit this Court's review. This entry states "[p]repare documents for Mediation on November 13, 2018." (Doc. No. 36-4.) The Court is unable to discern whether this entry is a clerical task or in the nature of substantive legal work. Accordingly, the Court applies a 20% reduction to this entry. See Route Triple Seven, L.P., 127 F. Supp. 3d at 622 (stating that courts have reduced fee claims by percentages ranging from 20% to 90% due to excessively vague descriptions).

---

[2] These entries are: (1) 7/30/2018 – "reviewed revised case valuation; emailed OC to attempt to schedule mediation"; (2) 8/8/2018 – "final review of Joint Motion to Amend Scheduling Order; filed same"; (3) 8/9/2018 – "reviewed order granting motion to amend scheduling order; updated calendar to reflect same"; and (4) 11/30/2018 – "drafted and revised Ptf's Motion for Summary Judgment and Brief in Support of Same, Final Revisions and filing." (Doc. No. 36-5.)

9

### v. *Intraoffice Communications*

Defendants argue that Plaintiff should not be awarded fees for time spent on intraoffice communications because such fees are the result of overstaffing. (Doc. No. 36, at 18; Doc. No. 36-7.) This argument is without merit. Most of the work on this case was expended by only two attorneys. (See Doc. No. 35-4.) The Court does not believe that the staffing of this case was inherently excessive. See Johnson v. Weinstein & Riley, P.S., No. 5:09-cv-377, 2011 U.S. Dist. LEXIS 33978, at *15 (E.D.N.C. Mar. 29, 2011) ("[D]efendants' obligation to pay plaintiff's fees is based on the staffing arrangement as they found it, as long as that arrangement was reasonable, not on the staffing arrangement they would have preferred.").

### vi. *Duplicative Time Entries*

Last, Defendants argue that several time entries primarily for reviewing the administrative record and preparing for oral argument are duplicative. (Doc. No. 36-8.) The Court disagrees. As discussed above, the Court finds that the time spent by Plaintiff's counsel reviewing the administrative record was reasonable. Further, the Court finds that it was reasonable for two attorneys to prepare for and attend oral argument on the motions for summary judgment. See Morris, 2015 U.S. Dist. LEXIS 184384, at *9–11 (finding that it was reasonable for two attorneys to attend a motions hearing).

The Court now turns to the remaining Johnson/Barber factors.

### 2. Novelty and Difficulty of the Questions Raised

With respect to the second factor, ERISA law is a complex area of federal law

10

that is constantly evolving. In re Wachovia Corp., No. 3:09-cv-262, 2011 U.S. Dist. LEXIS 123109, at *22 (W.D.N.C. Oct. 24, 2011) ("ERISA litigation of the type presented here is a rapidly evolving and demanding area of the law. New precedents are frequently issued, and the demands on counsel and the Court are complex and require the devotion of significant resources.").

3. Skill Required to Properly Perform the Legal Services

As stated above, "ERISA is a complex area of federal law, requiring particular skill and experience to properly perform the legal services rendered in such cases." Vincent, 2011 U.S. Dist. LEXIS 123780, at *12. Plaintiff's counsel have this skill and experience. (See Doc. Nos. 35-2, 35-5.)

4. Attorneys' Opportunity Costs in Pressing the Litigation

Litigating this case required a considerable amount of time and effort, which Plaintiff's counsel may have instead devoted to other matters. This is especially true as Plaintiff's counsel are attorneys at a small firm of only eight lawyers. (Doc. No. 35-5, ¶ 4); see Vincent, 2011 U.S. Dist. LEXIS 123780, at *12–13 (concluding that accepting plaintiff's case prevented plaintiff's counsel from accepting other paying work where plaintiff's counsel were attorneys at a small firm of only ten lawyers).

5. Customary Fee for Like Work

Plaintiff requests an hourly rate of $250 for associates and $400 for partners. (Doc. No. 35-4.) Plaintiff submitted the affidavits of other attorneys familiar with Plaintiff's counsel and the prevailing market rates in the Western District of North Carolina. (Doc. Nos. 35-6, 35-7.) These affidavits support the reasonableness of the

11

hourly rates requested by Plaintiff.

### 6. Attorneys' Expectations at the Outset of the Litigation

This factor provides no guidance to the Court in determining the reasonableness of an award of attorneys' fees.

### 7. Time Limitations Imposed by the Client or Circumstances

This factor provides no guidance to the Court in determining the reasonableness of an award of attorneys' fees.

### 8. Amount in Controversy and Result Obtained

The exact amount of reinstated benefits and past-due benefits owed to Plaintiff has not yet been determined.

### 9. Experience, Reputation, and Ability of the Attorneys

Bryan L. Tyson has been practicing ERISA litigation for twenty-three years. (Doc. No. 35-5, ¶¶ 1–5.) He is an active member in good standing of the North Carolina State Bar and the Georgia State Bar. (Id. at ¶ 6.) He is also admitted to practice before the Western, Middle, and Eastern Districts of North Carolina, the Northern and Southern Districts of Georgia, and the United States Court of Appeals for the Fourth and Sixth Circuits. (Id.) Rachel C. Matesic has been engaged in the practice of law for three years. (Doc. No. 35-2, ¶ 2.) She has devoted a substantial portion of her practice to ERISA litigation. (Id. at ¶ 5.) She is an active member in good standing of the North Carolina State Bar, and she is admitted to practice before the Western, Middle, and Eastern Districts of North Carolina. (Id. at ¶ 4.)

10. <u>Undesirability of the Case Within the Legal Community</u>

The Court does not find anything particularly undesirable about this case.

11. <u>Nature and Length of Professional Relationship Between Attorney and Client</u>

It does not appear that Plaintiff's counsel had professional relationships with Plaintiff prior to this litigation. (<u>See</u> Doc. No. 35-2, ¶ 6; Doc. No. 35-5, ¶ 8.)

12. <u>Attorneys' Fee Awards in Similar Cases</u>

This Court has awarded similar fees in other comparable ERISA cases. <u>See Stortz</u>, 2018 U.S. Dist. LEXIS 62949; <u>Vincent</u>, 2011 U.S. Dist. LEXIS 123780.

Based on the foregoing, the Court finds that the hours claimed by Plaintiff's counsel were reasonably expended on this case, save and except for the reductions applied to account for recycling of material used in Plaintiff's brief in support of her motion for attorneys' fees and costs, clerical tasks, block billing, and vague entries. The Court further finds that the hourly rates requested by Plaintiff's counsel are reasonable. Therefore, the Court awards attorneys' fees to Plaintiff totaling $80,527.70.

### III. COSTS

Plaintiff also seeks to recover $400.00 she incurred as a filing fee. Rule 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Further, ERISA expressly permits a district court to award costs in the court's discretion, but the statute does not alter the general rule in favor of awarding costs to prevailing parties . . . ." <u>Williams</u>, 609 F.3d at 636. Thus, Plaintiff is entitled to a

presumption in favor of costs. Id. Defendants do not argue in opposition to Plaintiff's request for costs. Accordingly, the Court awards $400.00 in costs to Plaintiff.

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Attorneys' Fees and Costs, (Doc. No. 35), is **GRANTED**. Defendants shall pay Plaintiff $80,527.70 in attorneys' fees and $400.00 in costs.

Signed: September 4, 2019

Robert J. Conrad, Jr.
United States District Judge